IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TRACEY FANNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-cv-489-MEF |
| ) | |
| ASHTON APARTMENTS, ) | |
| ) | |
| Defendant. ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's Amended Complaint (Doc. 10). On June 18, 2012, the court entered an Order (Doc. 7) granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2), staying service of process pending review under 28 U.S.C. § 1915, and ordering Plaintiff to file an amended complaint. In the amended complaint, Plaintiff was instructed to provide this court with a jurisdictional basis to hear this case. (Doc. 7) at 3. On July 9, 2012, Plaintiff filed the Amended Complaint (Doc. 10). For the reasons that follow, it is the RECOMMENDATION of the undersigned that this case be DISMISSED.

## DISCUSSION

In Plaintiff's Complaint, she asserted that the Montgomery County District Court Judge's decision requiring her to surrender her apartment for unpaid rent was "arbitrary, capricious, an abuse of discretion, or otherwise not consistent with law," and that the decision, when "firmly viewed on the entire record by a review court [would] be declared as

definitely mistaken." (Doc. 1) at 2. She asserted that the decision was "unlawful and without constitutional justification" making it "null and void, of no effect, [and] not binding as a matter of legal consequence." *Id*. at 3.

Plaintiff's Amended Complaint is titled as follows:

<u>Amendment</u>
Brief in Support
For Further Judicial Notice
Constitutional-Statutory Legal Basis
Clarification of Issues for Claims for Relief Sought
Racial Discrimination-Conspiracy to Interfere With Civil Rights
Right to Confrontation-Due Process Fairness Hearing
Matter of Public Policy and Matter of Public Record

(Doc. 10) at 1.  In this Amended Complaint, Plaintiff includes a section entitled "<u>Jurisdiction</u>" which states that this court has jurisdiction "[p]ursuant to Article III of the United States Constitution, First, Ninth, Fourteenth Amendments, Article VI, Article IV to the United States Constitution, 42 U.S.C. [§] 1981, 42 U.S.C. [§] 1983, and 42 U.S.C. [§] 1985."  (Doc. 10) at 3.  Plaintiff then states:

> United States District courts in the jurisdiction of the United States . . . upon being administered judicial notice for cognizance have assumed jurisdiction of and engaged in federal constitutional adjudication of a federal question in relation to Constitutional-Federal Preemption of and the Constitutionality of Constitutional Amendments and Federal Laws of the United States made in pursuant thereof in opposition to state laws enacted by the several States.

*Id*.  Plaintiff provides no more information concerning this court's jurisdiction, and instead begins asserting a hodge-podge of claims against Defendant and the Montgomery County District Judge who presided over her state-court claims.  These claims include what Plaintiff

refers to as violations of: the Supremacy Clause; Stare Decisis Doctrine; Preemption Doctrine; Conspiracy to Interfere with Civil Rights; Racial Discrimination Disparate Impact Theory; Injustice; Federal Question; Judicial Canons of Ethics; and Harassment. *Id*. at 2-21. Plaintiff states that the "[g]ist of the [a]ction" is that "[a]ll alleged defendants, individually, severally, and collectively in order of succession, through acts and omission [have] engaged in Material Breach of a constitutional duty and primary legal obligation." *Id*. at 10. As an "African American, United States citizen," Plaintiff petitions this court,

> upon being administered further judicial notice to exercise its judicial authority to GRANT said plaintiff a due process fairness hearing prior to any further order of the court for clarification of material facts and issues related to and in direct connection with the case to secure the fair administration of justice and further establish equal justice under the law.

*Id*. at 20. While Plaintiff's claims are nonsensical, the court can discern that they all revolve around the judgment against her in Montgomery County District Court. For the following reasons, this court does not have jurisdiction and must dismiss Plaintiff's case.

A federal court lacks jurisdiction "where a plaintiff merely seeks review of the final determination of a state judicial proceeding." *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). This is because review of final judgments of state court judicial proceedings is reserved for the Supreme Court of the United States. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Siegel v. LePore*, 234 F.3d 1163, 1171 (11th Cir. 2000); 28 U.S.C. § 1257. In determining whether a federal court has jurisdiction, the court should focus on whether the claim presented is "inextricably intertwined with a state court

3

judgment." *Siegel*, 234 F.3d at 1172 (quoting *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). Thus, a federal court lacks jurisdiction over a "case brought by state-court losers complaining of injuries caused by state-court judgments" which would invite federal court review and rejection of those judgments. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Although Plaintiff makes multiple claims against Defendant having little to do with her eviction, the claims are inextricably intertwined with the state court judgment. To the best of this court's understanding, Plaintiff asks this court to review and overturn the state court decision evicting her from her apartment by arguing that Defendant discriminated against her and violated her constitutional rights when she was evicted for failure to pay rent. Plaintiff could have—and should have—presented those claims against Defendant during the state court proceeding and is prohibited from now asserting them as a backdoor means of evoking this court to reexamine the state court's ruling. Further, Plaintiff suggests that the Montgomery County District Judge and Defendant engaged in a conspiracy to unconstitutionally remove her from her apartment and deny her due process. Any such claim should be appealed through the state court system and not presented before this, or any, federal court. Plaintiff is simply a "state-court loser[] complaining of injuries caused by [her] state-court judgment[]" and invites "rejection of those judgments." *See Exxon Mobil Corp.*, 544 U.S. at 284. As such, this court does not have jurisdiction to hear Plaintiff's claims.

## CONCLUSION

For the reasons specified above, the Magistrate Judge RECOMMENDS that this case be DISMISSED prior to the service of process pursuant to 28 U.S.C. § 1915. It is further ORDERED that the parties are DIRECTED to file any objections to the said Recommendation by **August 15, 2012.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 1st day of August, 2012.

    /s/ Wallace Capel, Jr.
    WALLACE CAPEL, JR.
    UNITED STATES MAGISTRATE JUDGE